# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1996 | **DATE** | 5/14/2013 |
| **CASE TITLE** | Gerrell Love (M14122) vs. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $2.24 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. However, summonses shall not issue at this time. Plaintiff's motion for attorney assistance (Dkt. No. 4), is granted. David A. Argay, Kerns Forst & Pearlman LLC, 70 W. Madison, Suite 5350, Chicago, IL 60602 is recruited to represent plaintiff pursuant to counsel's obligation under Local Rule 83.37. Mr. Argay is instructed to consult with his client and investigate plaintiff's claims under counsel's Fed. R. Civ. P. 11 obligation. Plaintiff is instructed to submit a proposed amended complaint by no later than June 14, 2013. If appointed counsel is unable to file an amended complaint, he should so inform the Court. The case is set for status on June 19, 2013 at 9:15 a.m. The Clerk is instructed to mail a copy of this order to Mr. Argay. Defendant Chicago Police Department is dismissed.

■[ For further details see text below.]              Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Gerrell Love, an Illinois Department of Corrections inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for attorney assistance. (Dkt. No. 4).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $2.24. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow

| STATEMENT |
|---|

the plaintiff wherever he may be transferred.

Plaintiff alleges that he was wrongfully assaulted and denied medical assistance by the Chicago police officer defendants following a car chase. Plaintiff may proceed with excessive force, *Padula v. Leimbach*, 656 F.3d 595, 602-03 (7th Cir. 2011), and failure to provide reasonable medical care claims, *Ortiz v. City of Chicago*, 656 F.3d 523, 530-31 (7th Cir. 2011), against the named Chicago police officers Bratton, Chibicki, and Walker. Defendant Chicago Police Department is dismissed because it is not a proper entity to be sued. *Lewis v. City of Chicago*, 496 F.3d 645, 645 n.1 (7th Cir. 2007).

Due to the seriousness of the allegations, plaintiff's motion for attorney assistance (Dkt. No. 4) is granted. *Pruitt v. Mote*, 503 F.3d 647, 655-56 (7th Cir. 2007) (en banc). David A. Argay, Kerns Forst & Pearlman LLC, 70 W. Madison, Suite 5350, Chicago, IL 60602 is recruited to represent plaintiff pursuant to counsel's obligation under Local Rule 83.37. The Clerk is instructed to provide a copy of this order to Mr. Argay. Mr. Argay is instructed to consult with his client and investigate plaintiff's claims under counsel's Fed. R. Civ. P. 11 obligation. Plaintiff is instructed to submit a proposed amended complaint by no later than June 14, 2013. If appointed counsel is unable to file an amended complaint, he should so inform the Court.